FIELD, P.
This cause coming on to be heard on the transcript of the record, -was argued by counsel. On consideration whereof, the court is of opinion that there is no error in the decree of the 2nd June, 1836, in establishing the amount of the plaintiff’s claim at $4,130 97, with interest on $2,576 70, part thereof, from November 10th, 1832, nor so far as it gave a priority of lien to the claim of the Farmers and Mechanics Bank of Georgetown upon the lands of Adam Stephen, which *the plaintiff seeks to subject to the payment of his judgments. But that decree is erroneous, so far as it held that the legacy to Mrs. Lauck constituted a lien on those lands, and is also erroneous in holding that Alexander Stephen, by subro-gation, was entitled to priority of lien over the plaintiff for the whole amount of the ’sum paid by him on account of the executions against Adam Stephen, over and above the amount raised by the sale of the personal property of Adam Stephen under those executions. As far as the money so paid by Alexander Stephen, was applied in satisfaction of executions in which Alexander Stephen was not so bound as surety, the payment was voluntary, and gave him no right of subrogation in respect to such executions, (Wilkes v. Harper, 1 Comstock, 586; Sandford v. McLain, 3 Paige, 117;) or the judgments upon which they had been issued; but so far as the .money paid by Alexander Stephen was applied to the payment of executions for which he was bound as surety, the right of subrogation did attach in his favor. Amongst the executions that were in the sheriff’s hands against Adam Stephen, there were only four in which Alexander Stephen was bound as surety, to wit: John Patterson’s, Francis Boyle’s, Susan Street’s, and the execution of "the Valley Bank. The three first of these were amongst the oldest that were in the sheriff’s hands, and being thereupon entitled to priority, must be regarded as having been satisfied out of the proceeds of the sale of Adam Stephen’s personal property, the sale of which amounted to $6,277 28, a sum not sufficient to satisfy all the executions by several thousand dollars, leaving, consequently, several executions unpaid; Of the executions in this class, was that of the Valley Bank, for the payment of which Alexander Stephen was bound as surety, and to the satisfaction of which his money was applied; and he thereby became entitled to be substituted to the rights of the Valley Bank as to the lien of the judgment. This.judgment amounted to $1,659 64. So! far, then, as the decree ■ of June 2d, *1836, gave to Alexander Stephen the benefit of this lien, it was correct; but inasmuch as Lloyd’s judgments and the judgment for the bank were both recovered at the same term, (May, 1821,) neither was entitled to any priority over the other. 1 Term Reports, 117. But in case of a deficiency of the proceeds of the sale of the land to satisfy all the judgments, each would have to abate pro rata. Hence so much of the said decree as conflicts with this principle is erroneous.
The court doth therefore adjudge, order and decree, that the decree of the 2d June, 1836, be reversed and annulled, and that the appellee, Benjamin Comegys, sheriff and administrator of Alexander Stephen, deceased, out of the assets of his intestate, in his hands to be administered, pay to the appellant, Robert Hull, executor of Joseph Janney, deceased, the costs expended by the appellant in prosecuting his appeal aforesaid in this court. And this court proceeding to give such decree as the Circuit Superior Court of Law and Chancery ought to have given, it is further adjudged, ordered and decreed, that unless the appel-lees, or some person for them, shall, within six months from the date of this decree, pay to the plaintiff Robert Hull, executor of Joseph Janney, deceased, the sum of $4,130 97, with interest on $2,576 70, part thereof, at the rate of six per centum per annum, from the 10th day of November, 1832, until paid, and the costs expended by the plaintiff in prosecuting this suit, David H. Conrad and Robert Y. Conrad, who are hereby appointed commissioners for that purpose, having given the necessary receiver’s bond in the penal sum of $20,000, payable to the Commonwealth of Virginia, and conditioned according to law and having also first advertised the time and place of sale for six weeks in some newspaper printed in the town of Martins-burg, at the front door of the court-house of Berkeley county, and some two or more public places in the neighborhood of the lands, do sell at public auction, to the highest bidder, all the lands in the bill and proceedings *mentioned and referred to, being the same that were purchased by Alexander Stephen under the decree in the case of Stephen v. Stephen, also referred to in the bill — upon the following terms, that is to say: One-third of the purchase money to be paid down in cash, one-third on a credit of one year, and one-third on a credit of two years, the deferred installments to be secured by bonds with good security and the legal title to be retained as further security. And the said commissioners having given the receiver’s bond above required of them, are directed to receive the cash payment, and to collect, when payable, the amount due on the deferred installments; and out of the proceeds of sale, after defraying the costs of executing this decree, they are directed to pay to Benjamin Comegys, sheriff and administrator of Alexander Stephen, deceased, the sum *647 of $3,750, with interest thereon, at the rate ■of six per centum per annum, from the 25th day of February, 1825, until paid, that being the amount of the debt of the Farmers and Mechanics Bank of Georgetown ; and out of the residue of the purchase money, pay to the said Robert Hull, executor of Joseph Janney, deceased, the sum of $4,130 97., with interest, at the rate of six per centum per annum, on $2,576 70, part thereof, from the 10th day of November, 1832, until paid, and the costs of the plaintiff expended in the prosecution of this suit; and pay to the said Comegys, sheriff and administrator as aforesaid, the sum of $1,659 64, the amount of debt of the Valley Bank on the 1st day of July, 1821, with interest on $1,600 67, part thereof, at the rate of six per cent, per annum, from the 1st day of July, 1821, until paid ; and the overplus, if any, pay over as the court may hereafter direct. But if there should not be a sum sufficient for the payment of both of the last mentioned claims in full, then and in that case so much thereof as there may he shall be applied pro rata towards the satisfaction of the same. And the said commissioners are directed to make report of their proceedings ^herein to the Circuit Court of Berkelej' County. But this decree is to be without prejudice to any other or further proceedings which the plaintiff may be entitled to have, to subject the rents, issues and profits of said land to the satisfaction of any balance which may remain due to him after the proper application of the proceeds of the sale made pursuant to this decree. Which is ordered to be certified to the said Circuit Court of Berkeley County.
CLOPTON, J., and TYLER, J., concurred.