93  455
96  349

## Wytheville.

HOCKMAN, BY, &c. V. HOCKMAN AND OTHERS.

JULY 30, 1896.

Absent, Harrison, J.

1. LIENS—*Priorities—Fraction of a Day.*—A decree rendered or a judgment confessed in vacation operates as a lien from the first moment of the day on which the decree is rendered or judgment confessed regardless of the time of day at which it is actually rendered or confessed, and takes precedence over a deed of trust admitted to record during the same day, though in point of fact the deed of trust may have been recorded before the decree was rendered, or the judgment confessed. The law takes no notice of the fraction of a day as to the lien of a judgment or decree, while a deed, as against subsequent purchasers for value and without notice, and creditors, is only operative from the *time* it is admitted to record.

Appeal from a decree of the Circuit Court of Roanoke county, pronounced October 13, 1893, in a suit in chancery, wherein appellant was the complainant, and the appellees were the defendants.

*Reversed.*

This was a bill in chancery filed by the complainant for the purpose of setting aside a deed of trust made by N. Hockman to secure numerous creditors. The deed was admitted to record on the same day that complainant's decree was pronounced, but much earlier in the day. The bill charged that the deed was made to hinder, delay, and defraud the complainant, and further that the decree, at all events, had priority over the deed.

*Scott & Staples* and *A. B. Pugh,* for the appellant.

*G. W. & L. C. Hansbrough* and *R. H. Logan,* for the appellees.

RIELY J., delivered the opinion of the court.

There were but two questions raised or discussed in this case: The priority of lien between the decree and the deed of trust, and the validity of the latter. The question of priority will be first considered.

It is provided by section 3567 of the Code that "every judgment for money rendered in this State, heretofore or hereafter, against any person, shall be a lien on all the real estate of or to which such person is or becomes possessed or entitled, at or after the date of such judgment, or, if it was rendered in court, at or after the commencement of the term at which it was so rendered."

A decree for money, by express enactment, is embraced by the word "judgment," and consequently the statute, fixing the lien of a judgment, applies equally to decrees. Sec. 3557 of the Code.

At common law, all judgments were, by legal fiction, it is said, supposed to be entered on the first day of the term of the court at which they were recovered. This rule has always prevailed in this State whenever the action, in which the judgment was rendered, was in such condition that it might have been then tried, if it had happened to occupy the first place on the docket. And the law, not regarding fractions of a day, the lien of a judgment began by relation at the first moment of the first day of the term. *The Mutual Assurance Society* v. *Stanard,* 4 Munf. 539; *Coutts* v. *Walker,* 2 Leigh 268; *Skipwith* v. *Cunningham,* 8 Leigh 271; *Horsley* v. *Garth,* 2 Gratt. 474; *Withers* v. *Carter,* 4 Gratt, 407; *Jones* v. *Myrick's Ex'or,* 8 Gratt. 179; *Brockenbrough* v. *Brockenbrough,*

o

31 Gratt. 580; *Yates and Ayers* v. *Robinson & Berkeley*, 80 Va. 475; and *Janney's Ex'or* v. *Stephen's Admr.* 2 Pat. & H. 11.

It being established by the decisions of this court that under the statute, as well as by the rule of the common law, a judgment or decree recovered or rendered during the term of a court in an action or cause that was ready for trial on the first day of the term, becomes a lien on the real estate of the debtor as of the first day of the term, and that the lien thereof begins with the day itself, the language of the statute furnishes no ground for fixing a different or other time of the day for the commencement of the lien of a judgment or decree confessed or rendered in vacation. It discloses no intention on the part of the Legislature to abrogate the principle of unity of the common law, in respect to the day, as a point of time. Its provisions give no warrant for drawing any distinction in this respect between judgments and decrees pronounced in term by the courts, and judgments and decrees confessed or rendered in vacation—certainly none to the prejudice of the latter. The one class becomes a lien from "the commencement of the term," the day on which the term began; the other, from " the *date* of the judgment," the day on which it was confessed or rendered. In respect to the time of the day when the lien of each begins, there is no distinction. Both begin with the first moment of the day on which the judgment or decree becomes a lien. There is no substantial ground for the claim that the lien of a decree rendered in vacation should begin at a fractional part of the day. It is a sound policy that rejects fractions of the day in fixing the lien of judgments and decrees. It gives to the public a plain and simple rule for their guidance, diminishes the opportunity for fraud, removes ground for controversy, and tends to prevent litigation.

Wherever the Legislature has seen fit to depart from the common law principle of the unity of the day, its purpose to do so has been plainly declared. It has seen proper to

create a priority between executions, where two or more come to the hands of the officer on the same day; and to this end it requires him to endorse on each execution not only the year, month, and day he receives the same, but also the *time of day*. Code, secs. 3589 and 3590. It has also prescribed that a deed of trust or mortgage shall be void as to subsequent purchasers for valuable consideration and without notice, and creditors, except from the *time* that it is duly admitted to record; and that where two or more deeds of trust or mortgages embracing the same property are admitted to record on the same day, that which was *first* admitted to record shall have priority. Code, secs. 2465 and 2469. Other instances from the Code will readily suggest themselves. But the statute law of the State contains no similar provision in regard to the lien of judgments and decrees. It nowhere prescribes that the clerk shall endorse on the record the *time* of day when a judgment or decree is confessed, or when a decree made in vacation is returned to his office to be recorded. And there being no statute requiring it to be done, such endorsement would be without force or effect. The law does not sanction what it does not enjoin.

The decree in favor of the appellant against Noah Hockman was made by the judge in vacation on November 9, 1892; was returned by the judge on that day to the clerk's office to be recorded, and was entered on the lien docket on November 18, 1892. The deed from Hockman to L. C. Hansbrough, trustee, to secure creditors, bears date on November 8, 1892, but was not admitted to record until the next day at 8:30 A. M. It went to record on the same day that the decree was made and returned to the clerk's office. The deed, by the express terms of the statute (section 2465 of the Code), took effect as against the appellant only from the time it was admitted to record, at 8:30 A. M. on November 9, 1892, while, under the statute and the established rule of law, notwith-

standing the endorsement of the clerk that it was filed on November 9, 1892, at 12 M., the decree became a lien on the real estate of the defendant at the first moment of that day. It, therefore, has priority over the deed of trust.

This being our conclusion, it becomes unnecessary to consider the question of the validity of the deed of trust which was assailed in the bill on the ground that it was fraudulent.

The Circuit Court having held that the deed of trust took precedence over the decree, and was a valid conveyance, its decree, for the reasons herein stated, must be reversed.

*Reversed.*