**Robert Michael CANTRELL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-82-763.**

Court of Criminal Appeals of Oklahoma.

March 20, 1985.

Rehearing Denied April 22, 1985.

Frank R. Courbois, Fred L. Staggs, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Robert Michael Cantrell was tried before a jury in Oklahoma County and found guilty of Attempted Perjury by Suborna-tion. He was sentenced to two and one half years' imprisonment.

On appeal, Cantrell urges two assignments of error and requests that his conviction be reversed. Appellant first asserts that he was denied a fair trial by comments made by the prosecution during closing argument. He claims these comments were inflammatory, prejudicial, inaccurate and calculated to arouse the passions and prejudices of the jury. However, most of the comments he complains of were not objected to at trial and his counsel failed to request the court to instruct the jury to disregard the statements.

Appellant is an attorney and represented a "middle man," Mel Ferguson, charged with Murder in the First Degree in the contract slaying of Robert Busch. Ferguson testified in the trials of Robert Keller and Michelle and Steven Binsz; Keller allegedly had hired the Binszes to kill Robert Busch. Ferguson's testimony was unfavorable to these defendants and later his charge was reduced to Conspiracy to Murder. On the State's recommendation, he was placed on a two year suspended sentence.

Keller was sentenced to life imprisonment upon his conviction of Murder in the First Degree. He later contacted Ferguson from prison and is alleged to have asked Ferguson to change his testimony regarding Keller's role in the Busch murder. Ferguson was then contacted by appellant in this regard according to the State's evidence. Ferguson notified police officers who advised him to go along with the scheme. Eventually, a police officer surreptitiously signed the affidavit for Ferguson who was recanting his testimony against Keller. Ferguson then gave this affidavit to Cantrell in exchange for $5,000 and for cancellation of his bill of $15,100 owing to Cantrell upon his payment to Cantrell of $1,200. This exchange took place in view of police officers while Ferguson wore a body mike into Cantrell's automobile.

Cantrell claimed he knew nothing of the $5,000 in the envelope which he gave to

Ferguson as a favor to his now deceased attorney friend, David Hood, who represented Robert Keller. He testified that he never requested Ferguson to change his testimony, but rather believed that Ferguson had a change of heart and decided to finally tell the truth.

■ During closing argument at the trial of appellant, the prosecution made a number of remarks that appellant argues requires reversal. We held in *Tart v. State*, 634 P.2d 750 (Okl.Cr.1981), that the general rule is an objection and a request to admonish the jury to disregard the inflammatory and prejudicial language must be made at trial in order to preserve error of improper prosecutorial argument. Unless the prosecutor's comment created error which could not have been cured by an instruction to the jury, this Court will not review unpreserved assignments. *McCall v. State*, 539 P.2d 418 (Okl.Cr.1975). While we consider some of the prosecutor's remarks perilously close to error under the guidelines we established in *Ray v. State*, 510 P.2d 1395, 1401 (Okl.Cr.1973), each could have been corrected by an instruction to the jury to disregard it as some were. This assignment is without merit.

Appellant's other assignment of error is that the evidence is insufficient as a matter of law to sustain the convictions for the reasons that there was a legal impossibility for the affidavit to have been used in any judicial proceeding, the district court lacked jurisdiction to entertain a motion for new trial, the affidavit was "gratuitous" and not "required or authorized by law," and, the conviction is based upon evidence which failed to adequately prove appellant knew the affidavit contained falsehoods but was the result of prejudice and passion brought on by errors at trial.

■ Appellant's initial charge that it was a legal impossibility for the affidavit to be used in any judicial proceeding is erroneous. He relies on the definition of perjury as set forth in 21 O.S.1981, § 491:

> Whoever, in a trial, hearing or investigation, deposition, certification or declaration, in which the making or subscribing

of a statement is required or authorized by law, makes or subscribes a statement under oath, affirmation or other legally binding assertion that the statement is true, when in fact the witness or declarant does not believe that the statement is true or knows that it is not true or intends thereby to avoid or obstruct the ascertainment of the truth, is guilty of perjury. It shall be a defense to the charge of perjury as defined in this section that the statement is true.

Appellant claims that there could be no perjury since the affidavit was not "required or authorized by law," and there was no proceeding in which it could be considered since more than one year had passed from the time Keller was convicted until the affidavit was signed and Keller was no longer eligible for a new trial under 22 O.S.1981, § 953. The evidence, however, would have been admissible under the Post-Conviction Procedure Act, 22 O.S. 1981, § 1080 *et seq.* This Court's Rule 2.1(A)(3) provides:

> (3) If the one (1) year period has not expired but the mandate has been issued by this Court, and in all other cases of newly discovered evidence, a petitioner must proceed under the provisions of the Post-Conviction Procedure Act, 22 O.S. 1971, § 1080 et seq.

Arguably, the affidavit would have been admissible in a proceeding initiated under the act, and it would not be any less attempted subornation of perjury simply because it had not yet been introduced as evidence in a legal proceeding. Title 21 O.S.1981, § 504 provides:

> Whoever procures another to commit perjury is guilty of perjury by subornation. Whoever does any act with the specific intent to commit perjury by subornation but fails to complete that offense is guilty of attempted perjury by subornation.

The State need not prove as an element of the crime of Attempted Subornation of Perjury a pending or potentially pending legal

proceeding in which the perjured statement was admissible.

The question of whether there was sufficient evidence for a jury to have found appellant guilty of attempted subornation of perjury is answered affirmatively if there is a *prima facie* case established. *Jetton v. State*, 632 P.2d 432, 434 (Okl.Cr. 1981), citing *Hunt v. State*, 601 P.2d 464 (Okl.Cr.1979). If this has been shown, resolution of conflicting evidence is for the jury, not the court. *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980).

■ We hold that the State established a *prima facie* case of attempted subornation of perjury by appellant. While ˊappellant argues that he believed Ferguson was telling the truth in the affidavit, there was sufficient evidence otherwise. The State's case does not rest solely upon the testimony of the witness Ferguson. Police officers observed first hand appellant's conduct during his meeting with Ferguson at which Ferguson delivered the affidavit and received an envelope containing $5,000. A tape of their conversation was introduced at trial. Some of the serial numbers of the $100 bills in the envelope matched up with those of the bills photocopied by Keller's banker, Pat Moore, before he delivered an envelope to the appellant containing seventy-five $100 bills. Appellant admitted destroying the original affidavit upon checking and discovering that it was notarized by a police department employee. This assignment is without merit.

Finding no error warranting modification or reversal, judgment and sentence is AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., dissenting.

PARKS, Presiding Judge, dissenting:

I dissent. The prosecutor's comments had the cumulative effect of prejudicial error and require reversal. Although the appellant failed to object to some of the comments, the prejudicial effect of the remarks should not be overlooked.

On the issue of prosecutorial misconduct, this court has previously held in *Ward v. State*, 633 P.2d 757 (Okl.Cr.1981):

"It is impossible upon such a subject to formulate a general rule infallibly applicable in all cases. Each case is tested by itself as a measure."

This court can, and should, examine the conduct of the trial to determine if the jury was allowed to consider the fact questions with a minimum of passion; particularly if the passion is provoked by matters dehors the evidence as in the case of prosecutorial impropriety.

The Oklahoma County District Attorney Robert H. Macy, repeatedly breached the boundaries of the issues in this case, as shown in the appendix. The prosecutor called attention to the defense counsel's body english and demeanor in the courtroom and inferred it was evidence of the appellant's guilt. *Babek v. State*, 587 P.2d 1375 (Okl.Cr.1978). He erroneously stated appellant had plead guilty to the charge. *Mayberry v. State*, 603 P.2d 1150 (Okl.Cr. 1979); *Cobbs v. State*, 629 P.2d 368 (Okl.Cr. 1981).

The prosecutor's remarks about politicians and lawyers were a prohibitory injection of his personal views of the ethics and the credibility of the members of both groups. It appears the prosecutor has a low opinion of both politicians and lawyers. The prosecutor is both a lawyer and an elected official, ergo, a politician; therefore, his opinion appears formed from first hand knowledge. In *Hildahl v. State*, 536 P.2d 1292 (Okl.Cr.1975), the prosecutor tried to turn the jury from a trial of the defendant into a trial of a whole industry. *Preston v. State*, 491 P.2d 779 (Okl.Cr. 1971).

There was no evidence, or even the hint of omitted evidence, that the appellant stood to gain financially from Keller if

Keller was set free, although the prosecutor injected this issue in closing argument. Materiality is not a defense to perjury or subordination of perjury. 21 O.S.1981, § 498. Nevertheless, the prosecutor impressed on the jury the affidavit had some magical power; that Keller, already in prison on a first degree murder conviction would have been set free if the affidavit had been used. The state's case did not support the prosecutor's remarks on the usefulness or the importance of the affidavit in any tribunal.

For these reasons, this case should be REVERSED and REMANDED for a new trial.