**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Robert M. CANTRELL, Respondent.**

**S.C.B.D. No. 3052, OBAD No. 620.**

Supreme Court of Oklahoma.

Feb. 26, 1987.

ORDER OF DISBARMENT

[1, 2] On consideration of:

1. The opinion by the Court of Criminal Appeals in *Cantrell v. State,* Okl.Cr., 697 P.2d 968 (1985);

2. The April 22, 1986 mandate in *Cantrell v. State, supra;*

3. The District Court's June 25, 1982 judgment-and-sentence;

4. The May 24, 1985 post-mandate order suspending respondent's sentence and placing him on unsupervised probation;

5. This Court's September 30, 1982 order placing respondent's license to practice law under suspension effective October 30, 1982;

6. This Court's May 6, 1985 order affording the respondent the opportunity to ex-

---

7. Note 2, supra.

8. 25 O.S. 1981, § 2.

9. *In re Guardianship of Campbell,* 450 P.2d 203, 205 (Okla.1966).

plain his criminal misconduct with a view to mitigating the severity of professional discipline to be administered on his conviction and the affirmance of judgment-and-sentence by the Court of Criminal Appeals;

7. The July 24, 1986 report of the PRT's trial panel recommending respondent's continued suspension from practice until May 29, 1988 with eligibility for a reinstatement quest on or after that date;

8. The transcript of proceedings conducted before the assigned PRT trial panel; and

9. Briefs of the parties-litigant,

THE COURT HOLDS that:

(a) the transcript is devoid of any evidence explaining or mitigating the criminal misconduct—attempted perjury by subornation—of which the respondent stands convicted;

(b) the crime of which respondent stands convicted operates to render him unfit to practice law;

(c) disbarment is a fit disciplinary sanction to be imposed upon affirmance of respondent's conviction; and

(d) whenever this Court is called upon to function in its constitutional capacity as the state's exclusive licensing authority for legal practitioners, its decisions are made *de novo*. All facts responsive to the issues formed before the panel must be independently redetermined. *State ex rel. Oklahoma Bar Association v. Raskin*, Okl., 642 P.2d 262, 265 (1982) and *State ex rel. Oklahoma Bar Association v. Braswell*, Okl., 663 P.2d 1228, 1230 (1983).

Because of the gravity of respondent's criminal misconduct and, inasmuch as his culpable act is neither mitigated nor explained by extenuating circumstances in the record, there is here absolutely *no basis* for a sanction less severe than that of disbarment. See, *Nix v. Whiteside*, —— U.S. ——, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986).

THE RESPONDENT STANDS DISBARRED as a licensed legal practitioner in the State of Oklahoma, effective October 30, 1982, the date of original suspension by this Court; the costs of this proceeding, in the sum of *$1,736.15*, are hereby assessed against the respondent. Respondent's eligibility to seek reinstatement stands conditioned upon payment of costs herein taxed.

DOOLIN, C.J., and LAVENDER, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, V.C.J., and HODGES, SIMMS and OPALA, JJ., concur in part, dissent in part.

OPALA, Justice, with whom HARGRAVE, Vice Chief Justice, and HODGES and SIMMS, Justices, join, concurring in disbarment and dissenting from that part of the order which makes disbarment *retroactive* from the date respondent was temporarily suspended pending appellate review of his conviction.

The court disbars the respondent and makes its order *retroactive* to coincide with *October 30, 1982*, the date respondent was suspended while he was appealing his felony conviction of *attempted perjury by subornation*. A disbarred lawyer *may not* seek license reinstatement "... within five (5) years of the effective date of the [disbarment] order...." Rule 11.1(e), Rules Governing Disciplinary Proceedings, 5 O.S. 1981, Ch. 1, App. 1–A. By today's order respondent will become eligible for reinstatement quest on *October 30, 1987*.

While I fully concur in the disbarment decision, I cannot join in making respondent's license revocation effective *earlier than* April 22, 1986, the date when the Court of Criminal Appeals issued its mandate on affirming the judgment-and-sentence in his criminal case.[1] By the terms of this court's order respondent will qualify for a change-of-status application under Rule 11.1(e) some *3½ years sooner* than if today's disbarment were to coincide with the effective day his criminal appeal came to an end by the issuance of mandate.

An act may not be made effective from a day *earlier* than when it actually occurs if it *could not lawfully* have taken place at

1. See *Cantrell v. State,* Okl.Cr., 697 P.2d 968 [1985].

the anterior point of time from which it is to operate with legal force.[2] No discipline could lawfully be imposed on respondent in this proceeding under the provisions of Rule 7, Rules Governing Disciplinary Proceedings, *supra*, so long as his appeal from criminal conviction remained unterminated. The instant disciplinary case simply was not a fit subject for final disposition while respondent's conviction remained in the appellate process of review.[3] Today's disbarment order cannot hence be made to operate with effect from any point *anterior to the date of mandate* in the criminal appeal.

I would order that respondent's license to practice law stand revoked by disbarment *effective April 22, 1986.*

**2.** The relation-back doctrine is explained as "[a] principle that an act done today is considered to have been done at an earlier time." Black's Law Dictionary 1158, 5th ed. [1979]. By the *relation-back doctrine anterior effect* may be given to acts or events which either *did* or *could lawfully occur at the time from which they are to operate.* See *Murfree v. Carmack and Williams,* 12 Tenn. (4 Yerg) 1270 [1833]; *Hockman v. Hockman,* 93 Va. 455, 25 S.E. 534 [1896]; *Withers v. Carter,* 45 Va. (4 Grat) 407 [1848] and *First Nat. Bank v. Huntington Distilling Co.,* 41 W.Va. 530, 23 S.E. 792 [1895]; annotation in 5 ALR 1072, 1079; see also cases which validate *post mortem* delivery of deeds initially placed in escrow by the decedent-grantor in his lifetime. *Anderson v. Mauk,* 179 Okl. 640, 67 P.2d 429, 431 [1937]; *Maynard v. Hustead,* 185 Okl. 20, 90 P.2d 30, 33 [1939] and *Donnelly v. Robinson,* 406 S.W.2d 595, 598 [Mo.1966].

**3.** The Rule 7 procedure for imposition of discipline upon a convicted lawyer who has appealed from judgment-and-sentence is found in the provisions that follow:

Rule 7.1 Criminal conviction of lawyer

"A lawyer who has been convicted in any jurisdiction of a crime which demonstrates such lawyer's unfitness to practice law, regardless of whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial, shall be subject to discipline as herein provided, regardless of the pendency of an appeal."

Rule 7.3 *Interim suspension from practice*

"Upon receipt of the certified copies of such indictment or information and the judgment and sentence, *the Supreme Court shall by or-*

*der immediately suspend the lawyer* from the practice of law *until further order of the Court.* In its order of suspension the Court shall direct the lawyer to appear at a time certain, to show cause, if any he has, why the order of suspension should be set aside. \* \*" [Emphasis added.]

Rule 7.5 *Appeal of conviction*

"If an appeal is perfected from the judgment of conviction and such judgment is reversed, the disciplinary proceedings based upon such conviction shall be dismissed immediately. *If the judgment of conviction is affirmed on appeal,* or the judgment is affirmed as modified and the lawyer remains convicted of a crime which demonstrates a lawyer's unfitness to practice law, *the same procedure for making final disposition of the matter shall apply as provided in Rule 7.4."* [Emphasis added.]

Rule 7.4

"*If the conviction becomes final* without appeal, the General Counsel of the Oklahoma Bar Association shall inform the Chief Justice and the Court *shall order the lawyer,* within such time as the Court shall fix in the order, *to show cause in writing why a final order of discipline should not be made.* The written return of the lawyer shall be verified and expressly state whether a hearing is desired. The lawyer may in the interest of explaining his conduct or by way of mitigating the discipline to be imposed upon him, submit a brief and/or any evidence tending to mitigate the severity of discipline. The General Counsel may respond by submission of a brief and/or any evidence supporting his recommendation of discipline." [Emphasis added.]