**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

**v.**

**William C. PAGE, Respondent.**

**SCBD No. 3144.**

Supreme Court of Oklahoma.

April 19, 1988.

**ORDER**

HARGRAVE, Vice Chief Justice.

Having received and examined the Affidavit of Respondent filed by Respondent herein in accordance with Rule 8.1 of the Rules Governing Disciplinary Proceedings, 5 O.S. Ch. 1, App. 1–A, the Court finds said resignation should be approved.

IT IS THEREFORE ORDERED BY THE COURT that the resignation of Re-

---

spondent from the Oklahoma Bar Association pending disciplinary action is hereby approved. Such resignation shall be effective as of October 24, 1983, the date of Interim Suspension.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS *14TH* DAY OF APRIL, 1988.

HARGRAVE, V.C.J., and
LAVENDER and SUMMERS, JJ.,
concur.

WILSON and KAUGER, JJ., concur by reason of stare decisis.

DOOLIN, C.J., and HODGES, SIMMS and OPALA, JJ., concur in part; dissent in part.

KAUGER, Justice, with whom SUMMERS, Justice joins, concurring by reason of stare decisis.

Under the controlling rule, 5 O.S. 1981 Ch. 1, App. 1–A, Rule 8, a lawyer who is the subject of an investigation or a pending proceeding involving allegations of misconduct may resign membership in the Oklahoma Bar Association at any time.[1] Because Rule 8.2 uses the mandatory command "shall" in requiring this Court to enter an order approving the resignation of such a lawyer, we have been stripped of discretion concerning whether to approve proffered resignations under the rule.[2]

Several reasons have been propounded for the existence of Rule 8.2. The one most often voiced is that the Oklahoma Bar Association lacks sufficient staff and resources to carry every proceeding through to disbarment; and that persons who should perhaps be disbarred are effectively removed from the practice of law and from tainting the bar by voluntary resignations.

Although it appears that the acceptance of a resignation places less stigma on the culpable lawyer, it should be noted that readmission after resignation under Rule 8 is far from easy, and by no means automatic. The heavy burden placed on one seeking reinstatement to show proof of fitness to practice law is the same whether the applicant has been disbarred or has resigned pending disciplinary proceedings.[3] The fact that one may be eligible on a certain date to seek readmission certainly does not mean that the applicant will be readmitted.

The difficulties which await one who seeks readmission following a suspension for more than two years are delineated in *State of Oklahoma ex rel., Oklahoma Bar Association v. Samara*, 683 P.2d 979, 983 (Okla.1984), and *State of Oklahoma, ex rel., Oklahoma Bar Association v. Samara*, 725 P.2d 306–07 (Okla.1986). The applicant was initially suspended on September 24, 1979. However, on the two occasions that he sought readmission, the Court held:

An applicant for reinstatement must establish affirmatively that if re-admit-

---

1. The prerequisites for resignation are found in 5 O.S. Ch. 1, App. 1–A, Rule 8.1, which provides: "A lawyer who is the subject of an investigation into, or a pending proceeding involving, allegations of misconduct may resign membership in the Oklahoma Bar Association, and thereby relinquish the right to practice law, only by delivering to the Commission an affidavit stating that the lawyer desires to resign and that:
   (a) The resignation is freely and voluntarily rendered, the lawyer is not being subjected to coercion or duress, and the lawyer is fully aware of the consequences of submitting the resignation;
   (b) The lawyer is aware that there is presently pending an investigation into, or proceedings involving, allegations that there exist grounds for discipline, specifying particularly the misconduct alleged;
   (c) The lawyer agrees that he may be reinstated only upon full compliance with the conditions and procedures prescribed by these Rules, and no application for reinstatement may be filed prior to the lapse of five years from the effective date of the resignation."

2. Title 5 O.S.1981 Ch. 1, App. 1–A, Rule 8.2 provides:
   "Upon receipt of the required affidavit, the Commission shall file it with the Clerk of the Supreme Court and the Supreme Court shall enter an order approving the resignation pending disciplinary proceedings. A lawyer who so resigns shall only be permitted to apply for reinstatement after the lapse of five (5) years and under the provisions of Rule 11."

3. *In the Matter of the Reinstatement of Kamins*, 752 P.2d 1125 (Okla.1988).

ted or if the suspension from practice is removed the applicant's conduct will conform to the high standards required of a member of the bar. The severity of the original offense and the circumstances surrounding it shall be considered in evaluating an application for reinstatement. The burden of proof by clear and convincing evidence in all such reinstatement proceedings shall be on the applicant. An applicant seeking such reinstatement will be required to present stronger proof of qualification than one seeking admission for the first time. The proof presented must be sufficient to overcome the Supreme Court's former judgment adverse to the applicant ..."

As a matter of policy, the Court has consistently held that the resignation date should be applied retroactively to the date on which a lawyer has been suspended from the practice of law.[4] This policy tracks closely the predating of Corporation Commission orders where the backdating is supported by substantial evidence.[5] Until Rule 8 is either abrogated or amended, in order to be consistent with the prior decisions of this court, and to insure that all applicants for readmission are provided with procedural due process, I must concur by reason of stare decisis.

OPALA, Justice, with whom HODGES and SIMMS, Justices, join, concurring in part and dissenting in part.

I recede from that part of today's decision which makes respondent's resignation effective from October 24, 1983—the date of his interim (post-conviction) suspension ordered by this court while the judgment-and-sentence in the criminal case was undergoing appellate review in the federal judicial system. I would hold that by force of applicable rules respondent's resignation *must* take effect September 11, 1987—the day the respondent's second appeal came to be concluded in the United States Court of Appeals for the Tenth Circuit.

An act may not be made effective from a day *earlier* than when it actually occurs if it *could not lawfully* have taken place at the anterior point of time from which it is to operate with legal force. No discipline could lawfully be imposed on respondent in this proceeding under the provisions of Rule 7, Rules Governing Disciplinary Proceedings, 5 O.S.1981, Ch. 1, App. 1–A, so long as his appeal from criminal conviction remained unterminated. While respondent's conviction stood in the process of appellate review, his status as a lawyer could not be affected and the present case was not a fit subject for *any* termination—whether by exercise of our disciplinary cognizance or by the court's acceptance of the respondent's attempted exit from the Bar. Today's approval of his resignation cannot hence be made to operate with effect from any point *anterior to the conclusion* of the criminal conviction's review process. *State ex rel. Oklahoma Bar Ass'n v. Cantrell,* Okl., 734 P.2d 1292, 1293–1294 [1987] (Opala, J., dissenting in part).

*By today's order respondent will become eligible to seek bar reinstatement on October 24, 1988—scarcely more than six months after the court's present action.* If the effective date of today's order were to be made coincidental with the day respondent's criminal appeals came to an end—the legal norm I counsel for application to this case—*his eligibility to seek reinstatement would be postponed until September 11, 1992. A difference of almost five years must not* be shrugged off as but *de minimis non curat lex.*

I would approve the respondent's resignation and order that it take effect from September 11, 1987.

**4.** *State of Oklahoma ex rel. Oklahoma Bar Assoc. v. Cantrell,* 734 P.2d 1292–93 (Okla.1987); *State of Oklahoma ex rel. Oklahoma Bar Assoc. v. Smith,* 58 OBJ 283 (Okla.1987); *State of Oklahoma ex rel. Oklahoma Bar Assoc. v. Coleman,* 723 P.2d 266 (Okla.1986).

**5.** *Hair v. Oklahoma Corp. Com'n,* 740 P.2d 134, 140 (Okla.1987); *Union Oil Co. of California v. Brown,* 641 P.2d 1106, 1109 (Okla.1981).