1998 OK 19

**STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Kenneth VAN TODD, Respondent.**

**No. SCBD 4318.**

Supreme Court of Oklahoma.

March 10, 1998.

Mike Speegle, Assistant General Counsel, Oklahoma Bar Association, for Complainant, Oklahoma City, OK.

Bruce H. Harlton, Tulsa, for Respondent.

SUMMERS, Vice Chief Justice:

¶ 1 Before this Court is an affidavit filed by Respondent Kenneth Van Todd pursuant to Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, requesting that he be allowed to resign his membership in the Oklahoma Bar Association. The Complainant Oklahoma Bar Association has filed an Application for Order Approving Resignation.

¶ 2 Rule 8.2 states that after receipt of the request for resignation, the "Supreme Court may enter an order approving the resignation pending disciplinary proceedings." After review of the request, we find as follows:

1. Kenneth Van Todd, O.B.A. # 9040, executed this affidavit seeking resignation pending disciplinary proceedings on December 18, 1997.

2. Respondent's resignation was freely and voluntarily tendered. He was not acting under duress or coercion and was fully aware of the consequences.

3. Respondent states that he is aware of the following grievances lodged against him: (a) DC 96–284, which concerns his charge in Tulsa County District Court Case No. CF 96–3479 with obtaining merchandise by false pretense, attempting to obtain merchandise by false pretense, possession of a fictitious driver's license, and presenting false identification to mislead a police officer, and (b) DC 97–304 which alleges that he borrowed money from a client without advising the client of the inadvisability of entering into business transactions with her attorney, without advising the client to seek the advice of another attorney before entering into the loan agree-

ment, and that the loan has not been paid back entirely.

4. Respondent is aware that the burden of proving such allegations rests with the Oklahoma Bar Association, but admits that if proven, such conduct would violate the Rules of Professional Conduct, 5 O.S.Supp.1996, Ch. 1, App. 3–A, and his oath as an attorney. Respondent waives his right to contest these allegations.

5. Respondent acknowledges that the approval or disapproval of his resignation rests within the discretion of this Court, and recognizes that he may not seek reinstatement to membership in the Oklahoma Bar Association prior to the expiration of five years from the date of this order. He recognizes that he may be reinstated only upon full compliance with Rule 11, Rules Governing Disciplinary Proceedings.

6. Respondent has familiarized himself with Rule 9.1, Rules Governing Disciplinary Proceedings, and agrees to comply with its provisions within twenty days following the date of his resignation.

7. Respondent states that as a result of his actions, the Client Security Fund may receive claims from his former clients, and agrees to reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

8. He acknowledges that the Oklahoma Bar Association may have incurred costs in the investigation of this matter, but that the Bar Association is willing to waive payment of costs.

9. The resignation pending disciplinary proceedings executed by Respondent is in compliance with Rule 8.1 of the Rules Governing Disciplinary Proceedings, and should be approved.

10. Respondent's name and address appear on the official roster maintained by the Oklahoma Bar Association as: Kenneth Van Todd, O.B.A. # 9040, Martindale Building, Penthouse, 403 S. Cheyenne Ave., Tulsa, OK 74103–3807.

11. No costs have been incurred in this matter.

¶ 3 IT IS THEREFORE ORDERED THAT Complainant's Application and Respondent's Resignation Pending Disciplinary Proceedings is approved.

¶ 4 IT IS FURTHER ORDERED THAT Respondent's name be stricken from the Roll of Attorneys, and that he may make no application for reinstatement prior to the lapse of five years from the effective date of this Order.

¶ 5 IT IS FURTHER ORDERED THAT Respondent comply with Rule 9.1 of the Rules Governing Disciplinary Proceedings.

¶ 6 ALL JUSTICES CONCUR.