1998 OK 101

STATE of Oklahoma, ex rel., OKLA-HOMA BAR ASSOCIATION, Complainant,

v.

Christopher R. PARKS, Respondent.

Nos. OBAD 1370, SCBD 4363.

Supreme Court of Oklahoma.

Oct. 12, 1998.

*Order*

*Approving Resignation From The Oklahoma Bar Association*

¶ 1 Respondent, Christopher R. Parks, has submitted his Resignation from the Bar Pending Disciplinary Proceedings under Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, (RGDP) requesting he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law. Complainant requests we approve Respondent's resignation.

¶ 2 Respondent's Rule 8.1 affidavit states, and this Court finds:

1. Respondent, Christopher R. Parks, executed his resignation pending disciplinary proceedings;

2. Respondent's resignation was freely and voluntarily made; he was not acting under coercion or duress and was fully aware of the consequences of submitting his resignation while disciplinary proceedings were pending;

3. Respondent is aware of the following grievances which have been filed against him with the office of the General Counsel and that investigations are proceeding regarding these complaints:

(a) DC 98–40. On February 10, 1998, the Office of the General Counsel received information from a Tulsa attorney concerning Parks' representation of Dino Bland alleging misrepresentations to Parks' client and conversion of client funds.

(b) DC 98–75. On March 3, 1998, the Office of the General Counsel received a grievance from an attorney in Tulsa, against Christopher Parks alleging Parks made misrepresentations to a third party medical provider during his handling of a personal injury settlement made on behalf of Parks' client.

Respondent waives any and all rights to contest the allegations set forth in paragraphs 3(a) and (b). He states these allega-

tions, if proven, would constitute violations of Rules 1.15(a) and (b), and 8.4(c) of the Oklahoma Rules of Professional Conduct, 5 O.S. 1991 & Supp.1997 Ch. 1, App. 3–A, and Rules 1.3 and 1.4, Rules Governing Disciplinary Proceedings, 5 O.S.1991 & Supp.1997 Ch. 1, App. 1–A, and his oath of attorney.

4. Respondent has familiarized himself with and agrees to comply with all provisions of Rule 9.1, RGDP, within twenty (20) days from the date of his resignation.

5. The affidavit states that as a result of affiant's conduct, the Client Security Fund may receive claims from his former clients. Respondent agrees that should the Oklahoma Bar Association approve and pay such Client Security Fund claims, he will reimburse the Client Security Fund for the principal amounts and applicable statutory interest prior to filing any application for reinstatement.

6. Respondent acknowledges the Oklahoma Bar Association has incurred costs associated with its investigation of the complaints listed in this matter and the Oklahoma Bar Association is willing to waive Respondent's payment of those costs.

7. Respondent's resignation should be approved.

¶ 3 IT IS THEREFORE ORDERED that Respondent's resignation pending disciplinary proceedings is approved.

¶ 4 IT IS FURTHER ORDERED that Respondent's name, Christopher R. Parks, be stricken from the Roll of Attorneys, and that he may make no application for reinstatement to membership in the Oklahoma Bar Association prior to the lapse of five years from the effective date of this Order.

¶ 5 Full compliance with the conditions and procedures of Rule 11, RGDP, is required before reinstatement, 5 O.S.1991 & Supp.1997, Ch. 1, App. 1–A.

¶ 6 IT IS FURTHER ORDERED that Respondent must comply with Rule 9.1, RGDP, 5 O.S.1991 & Supp.1997, Ch. 1, App. 1–A.

¶ 7 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 12TH DAY OF OCTOBER, 1998.

YVONNE KAUGER
CHIEF JUSTICE

All The Justices Concur.