1998 OK 115

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Dewey Hays FOSTER, Respondent.**

**No. SCBD 4393.**

Supreme Court of Oklahoma.

Nov. 24, 1998.

---

Allen J. Welch, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, For Complainant.

Dewey Hays Foster, pro se.

WATT, J.

¶1 Upon the filing of a grievance by the Office of the General Counsel of the Oklahoma Bar Association, Respondent, Dewey Hays Foster, has tendered his resignation from membership in the OBA pending disciplinary proceedings. The OBA has filed an application for approval of Respondent's resignation. Upon consideration of the matter, we find:

1) Respondent executed his resignation on October 30, 1998.

2) Respondent's resignation was freely and voluntarily tendered; he was not subject to coercion or duress; he was fully aware of the consequences of submitting his resignation. Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. ch. 1, app. 1–A (Supp.1997).

3) Respondent was aware of two (2) grievances filed with the General Counsel and that investigations are proceeding with regard to these matters:

*DC 98–112* On March 23, 1998, the Office of the General Counsel received a grievance from Sandra L. Frey, in which she alleged that Respondent changed a contingent fee agreement from a 33 1/3% fee to a 50% fee. Ms. Frey further alleged that despite being advised by the General Counsel to maintain the disputed amount in Respondent's trust account he withdrew the disputed funds and applied them for his personal benefit. As a result of this Ms. Frey filed a lawsuit against Respondent and obtained a judgment which required him to pay those funds to Ms. Frey.

*DC 98–354* On September 30, 1998, the Office of the General Counsel received a grievance from Michelle McKee, in which she alleged that Respondent had a conflict of interest in representing her husband in their divorce case after having previously represented her individually in unrelated matters. McKee also alleged that Respondent did not cooperate with her attorney and misrepresented facts to both her attorney and the court.

4) Respondent was aware that, if proven, the alleged conduct would constitute violations of Rules 1.2, 1.4, and 1.5, Oklahoma Rules of Professional Conduct ("ORPC"), 5 O.S. ch. 1, app. 3–A (Supp. 1996), and Rule 1.4, Rules Governing Disciplinary Proceedings.

5) Respondent recognizes and agrees that he may not make application for reinstatement to membership in the OBA prior to the expiration of five (5) years from the effective date of our approval of his resignation and upon compliance with the conditions of Rule 11, Rules Governing Disciplinary Proceedings.

6) Respondent agrees to comply with the provisions of Rule 9.1, Rules Governing Disciplinary Proceedings.

7) Respondent's name and address appear on the roster maintained by the OBA as follows: Dewey Hays Foster, OBA # 3047, 912 S.W. 50th St., Oklahoma City, Oklahoma 73109–3802. Respondent was admitted to the practice of law on July 29, 1971.

8) Respondent agrees to reimburse the OBA should the OBA pay out any funds to his former clients through the Client Security Fund.

9) Respondent's resignation pending disciplinary proceedings should be approved.

¶2 **IT IS THEREFORE ORDERED** that Complainant's application and Respondent's resignation be approved.

¶3 **IT IS FURTHER ORDERED** that Respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the date of this opinion.

¶4 **IT IS FURTHER ORDERED** that Respondent comply with Rule 9.1, Rules Governing Disciplinary Proceedings.

¶5 **IT IS FURTHER ORDERED** that Respondent reimburse the Client Security Fund of the Oklahoma Bar Association, including interest at the statutory rate, should it pay any funds to his former clients for claims made due to his alleged misconduct.

¶6 ALL JUSTICES CONCUR.