1999 OK 22

### STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

### Gary D. MILLSPAUGH, Respondent.

### No. SCBD 4413.

Supreme Court of Oklahoma.

March 30, 1999.

Allen J. Welch, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for complainant.

John W. Coyle, III, Oklahoma City, Oklahoma, for respondent.

LAVENDER, J.

¶1 This matter is before the Court pursuant to Rules 8.1 and 8.2 of the Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A [RGDP], for consideration of the Oklahoma Bar Association's [OBA or complainant] application to approve Gary D. Millspaugh's [respondent] resignation from OBA membership pending disciplinary proceedings. After consideration of OBA's application and the respondent's affidavit we find:

1. Respondent executed his affidavit tendering his resignation pending disciplinary proceedings on February 23, 1999.

2. Respondent's resignation is made freely and voluntarily; he is not subject to coercion or duress; and he is fully aware of the consequences of submitting his resignation.

3. Respondent is aware that in compliance with Rule 7.2, RGDP, that the OBA [General Counsel's Office] was apprized of his conviction in the U.S. District Court for the Western District of Oklahoma of the offenses of making false statements to the Secretary of the Treasury, failure to file income taxes and tax evasion.

4. Respondent is aware that if his conviction for the offenses specified in ¶3 above, were proved, it would constitute a violation of Rule 1.3, RGDP, and Rule 8.4(a), (b) & (c), Oklahoma Rules of Professional Conduct [ORPC] and his oath as an attorney.

5. Respondent is aware that the burden of proving the fact of his conviction rests on the OBA, but that he waives any and all right to contest the same.

6. Respondent recognizes and agrees that he may not make application for reinstatement to OBA membership before the expiration of five years from the effective date of the Court's approval of his resignation.

7. Respondent agrees to comply with Rule 9.1, RGDP, and acknowledges he may be reinstated to the practice of law only upon compliance with the conditions and procedures prescribed by Rule 11, RGDP.

8. Respondent's resignation pending disciplinary proceedings is in compliance with Rule 8.1, RGDP.

9. Respondent's name and address—as it appears on the OBA's official roster—is: Gary D. Millspaugh, OBA # 6241, P.O. Box 131, Weatherford, OK 73096.

10. The OBA has incurred no costs in this matter.

11. Respondent agrees that in the event the OBA should approve and pay any claims [of his clients] against the Client Security Fund [Fund] he will reimburse the Fund the principal amount of all such payments along with any statutory interest due upon the same before seeking reinstatement to the OBA.

12. Respondent's resignation should be approved.

13. The Court's Order accepting respondent's resignation is effective as of February 24, 1999, the date the application for approval of his resignation was filed in this Court.

¶2 It is therefore ORDERED complainant's application is approved and respondent's resignation is accepted and approved effective February 24, 1999, and respondent's right to practice law is relinquished.

¶3 It is further ORDERED respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to OBA membership before five years from February 24, 1999, the effective date of his resignation and the Court's approval of the same.

¶4 It is further ORDERED respondent comply with Rule 9.1, RGDP.

**APPLICATION APPROVED; RESPONDENT'S NAME STRICKEN FROM THE ROLL OF ATTORNEYS.**

¶5 All Justices concur.