1999 OK 42

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**W.E. Pat PATE, II, Respondent.**

**No. SCBD 4441.**

Supreme Court of Oklahoma.

May 11, 1999.

¶ 0 Order Approving Resignation From Oklahoma Bar Association Pending Disciplinary Proceedings

¶ 1 Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), application for an order approving the resignation of the respondent, W.E. Pat Pate, II (Pate/attorney), pending disciplinary proceedings, the application reveals:

1) On April 30, 1999, the respondent submitted his written affidavit of resignation from membership in the Bar Association pending investigation of a disciplinary proceeding.

2) The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation. The respondent states that although he is aware that the resignation is subject to the approval of the Oklahoma Supreme Court, he will treat it as effective on the date of filing.

3) The respondent states in his affidavit of resignation that he is aware of multiple grievances filed against him with the Office of the General Counsel of the Oklahoma Bar Association. The grievances allege that the respondent: a) received client funds to be applied to fines and costs which were not used for that purpose and which in one instance resulted in the arrest of a client; b) misused trust account funds intended for payment of funeral expenses resulting in a suit against his client; c) neglected his duties and made misrepresentations in a bankruptcy matter; d) neglected duties and failed to communicate while charging excessive fees in domestic matters; and e) issued insufficient fund checks for personal purposes which were drawn on client trust accounts. Rules 1.3 and 1.4, Rules Governing Disciplinary Proceedings, 5 O.S. 1991, Ch. 1, App. 1–A; Rules 1.1, 1.2, 1.3, 1.4, 1.5, 1.15, 1.16, and 8.4 Rules of Professional Conduct, 5 O.S.1991 Ch.1, App. 3–A.

4) The respondent waives any and all right to contest the allegations outlined in the affidavit.

5) The respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, and it should be approved.

6) The official roster address of the respondent as shown by the Bar Association records is: P.O. Box 252, Poteau, Oklahoma 74953.

7) No costs have been incurred by the Bar Association in the investigation of this matter.

8) The respondent acknowledges that his actions may result in claims against the Client Security Fund and agrees to reimburse the Fund for any disbursements made because of his actions.

¶ 2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the resignation of W.E. Pat Pate, II, pending disciplinary proceedings be approved.

¶ 3 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT the name of W.E. Pat Pate, II, be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the respondent may not make application for reinstatement prior to the expiration of five (5) years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, the respondent shall notify all of his clients having legal business pending with him within twenty (20) days, by certified mail, of his inability to represent them and of the necessity for

promptly retaining new counsel. Repayment to the Client Security Fund for any monies expended because of the malfeasance or non-feasance of the respondent shall be a condition of the reinstatement.

¶ 4 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 10TH DAY OF MAY, 1999.

SUMMERS, C.J., HARGRAVE, V.C.J., LAVENDER, SIMMS, OPALA, WILSON, KAUGER, and WATT, JJ., concur.

HODGES, J., not participating.