2000 OK 16

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Michael H. THOMPSON, Respondent**

**SCBD No. 4506.**

Supreme Court of Oklahoma.

March 7, 2000.

Loraine Dillinder Farabow, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Complainant.

Irvin R. Box, Oklahoma City, OK, Attorney for Respondent.

WATT, J.:

¶1 Upon the filing of a complaint with the Oklahoma Supreme Court, Respondent, Michael H. Thompson, has tendered his resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings. The Bar has filed an application for approval of Respondent's resignation. Upon consideration of this matter, we find:

1. Respondent executed his resignation on January 18, 2000.

2. Respondent's resignation was freely and voluntarily tendered; he was not subject to coercion or duress; he was fully aware of the consequences of submitting his resignation. Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. 1991, ch. 1, app. 1–A (Supp.1997).

3. Respondent was aware of a complaint filed with the Office of Chief Justice by the Office of the General Counsel on December 9, 1999, which involved two counts of professional misconduct. Count I was based on a multicount Information, CF–99–4606, which was filed on August 19, 1999, in Oklahoma County District Court against respondent and alleges the following:

COUNT 1. On June 22, 1998, respondent received a check from Summit Risk Services for $1,175 as payment of legal defense benefits for services respondent claimed to have provided to Summit's insured. This count states the services claimed were not provided and the claim was knowingly false and fraudulent.

COUNT 2. On June 25, 1998, respondent received a check from Summit Risk Services for $1,125 as payment of legal defense benefits for services respondent claimed to have provided to Summit's insured. This count states the services claimed were not provided and the claim was knowingly false and fraudulent.

COUNT 3. On June 25, 1998, respondent received a check from Summit Risk Services for $2,000 as payment of legal defense benefits for services respondent claimed to have provided to Summit's insured. This count states the services claimed were not provided and the claim was knowingly false and fraudulent.

COUNT 4. This count states that on March 6, 1999, respondent submitted a claim (amount unknown) in an attempt to receive payment of legal defense benefits from Summit Risk Services. This count states the services claimed were

not provided and the claim was knowingly false and fraudulent.

4. Respondent was aware that, if proven, the alleged conduct would constitute violations of Rule 1.3, Rules Governing Disciplinary Proceedings, and Rules 8.4(a)(b)(c) and 1.5 of the Oklahoma Rules of Professional Conduct, 5 O.S. ch. 1, app. 3–A (Supp.1997) and his oath as an attorney.

5. Respondent was aware that, pursuant to Rule 8.2, RGDP, either the approval or disapproval of this resignation is within the discretion of the Oklahoma Supreme Court.

6. Respondent has familiarized himself with the provisions of Rule 9.1, RGDP, and agrees to comply with all provisions of Rule 9.1 within twenty days following the date of his resignation.

7. Respondent acknowledges and agrees that in order to be reinstated to the practice of law, he may do so in full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and may make no application for reinstatement prior to the expiration of five (5) years from the effective date of the Order approving this Resignation Pending Disciplinary Proceedings.

8. Respondent agrees to reimburse the Bar Association should the Bar pay out any funds to his former clients through the Client Security Fund. Should any funds be paid through the Client Security Fund, respondent agrees to reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

9. Respondent's name and address as shown by the records maintained by the Oklahoma Bar Association is: Michael H. Thompson, OBA # 14528, P.O. Box 674, Mustang, OK 73064. He was admitted to practice law on April 26, 1991.

¶2 **IT IS THEREFORE ORDERED** that Complainant's application and respondent's resignation be approved.

¶3 **IT IS FURTHER ORDERED** that Respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the date of this opinion.

¶4 **IT IS FURTHER ORDERED** that respondent comply with Rule 9.1, Rules Governing Disciplinary Proceedings.

¶5 **IT IS FURTHER ORDERED** that Respondent reimburse the Client Security Fund of the Oklahoma Bar Association, including interest at the statutory rate, should it pay any funds to his former clients for claims made due to his alleged misconduct.

¶6 All Justices concur.