2000 OK 34

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Grover L. MISKOVSKY, Respondent.**

**SCBD No. 4430.**

Supreme Court of Oklahoma.

May 16, 2000.

¶ 0 Order Approving Resignation from the Oklahoma Bar Association Pending Disciplinary Proceedings.

¶ 1 This matter is before the Court pursuant to Rules 8.1 and 8.2, Rules Governing Disciplinary Proceedings, 5 O.S.1991, ch. 1, app. 1–A, for consideration of the complainant's, Oklahoma Bar Association (OBA), application for an order approving respondent's, Grover L. Miskovsky (respondent), resignation from OBA membership pending disciplinary proceedings. Upon consideration of OBA's application and the respondent's affidavit, we find:

1. Respondent executed his affidavit tendering his resignation as a member of the OBA pending disciplinary proceedings on March 30, 2000.

2. Respondent's resignation was freely and voluntarily tendered and respondent was not subject to coercion or duress.

3. Respondent's resignation was executed in conformity with Rule 8.1, RGDP, and respondent is fully aware of the consequences of submitting his resignation.

4. Respondent is aware that a formal Complaint was filed with this Court on March 24, 1999, alleging that respondent was arrested on allegations that he committed acts (engaging in a continuing criminal racketeering enterprise, rape in the first degree, forcible oral sodomy, procuring the participation of a minor under the age of eighteen in taking nude photographs, indecent and lewd acts with a child, and rape by instrumentation) in violation the criminal statutes of the State of Oklahoma; that respondent used his license to practice law to gain access to the minor victims of the alleged crimes; that respondent perpetrated crimes upon his clients; and that respondent's alleged acts violate Rules 1.7(b) (conflict of interest), and 8.4(a)(b)(c) and (d) (misconduct), Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.1991, ch. 1, app. 3–A, and Rule 1.3 (acts contrary to prescribed standards of conduct), Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.1991, ch. 1, app. 1–A.

5. Based upon the formal Complaint and respondent's consent, respondent's license to practice law was suspended by this Court's order of interim suspension filed March 29, 1999.

6. Respondent is aware of three grievances under investigation by the Office of General Counsel of the OBA: (a) DC–97–335 alleging respondent failed to account for a $100,000 fee and to otherwise communicate with a client; (b) DC 99–99 alleging respondent made inappropriate statements of a sexual nature to a client; and (c) alleging respondent made sexually offen-

sive comments and retained an excessive fee from funds disbursed in a divorce matter.

7. Respondent is aware that the OBA has the burden of proof regarding the allegations set forth in the formal Complaint and the grievances under investigation, and notwithstanding, he voluntarily requested this Court approve his resignation and relinquishment of his right to practice law.

8. Respondent is aware that, if proven, the conduct alleged in the formal Complaint and the grievances would constitute violations of Rules 1.1, 1.3, 1.4, 1.5, 1.7, 1.8, 1.15, 1.16, 8.4(a), (b), (c), and (d), ORPC, and Rules 1.3 and 1.4(b), RGDP.

9. Respondent is aware that the approval of his resignation is within the discretion of this Court.

10. Respondent is familiar with the provisions of Rule 9.1 (notice procedures to be followed by disciplined attorney), RGDP, and agreed to comply with all provisions of Rule 9.1.

11. Respondent acknowledged and agreed that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11 (reinstatement), RGDP, and that he may not apply for reinstatement prior to the expiration of five (5) years from the effective date of this Court's approval of his resignation.

12. Respondent's name and address appears on the OBA's official roster as: Grover L. Miskovsky, OBA # 6260, 1800 Canyon Park Circle, Suite 202, Edmond, OK 73013.

13. A lawyer, who is the subject of an investigation into, or a pending proceeding involving, allegations of misconduct, may resign membership in the Oklahoma Bar Association by complying with the prerequisites for resignations set forth in Rule 8.1 of the Rules Governing Disciplinary Proceedings. In response, the Supreme Court may enter an order approving the resignation or, in the alternative, may refuse to approve the resignation and allow the Professional Responsibility Commission to proceed.

Because a resignation under Rule 8 is the equivalent of disbarment, because of the interest in conserving judicial resources, and because of the unlikelihood of recovering the costs of a disciplinary proceeding from this respondent, we approve respondent's resignation.

14. This Court's approval of respondent's resignation should be effective upon the filing of this order in the Office of the Clerk of the Appellate Courts.

¶ 2 It is therefore **ORDERED** that the OBA's application is approved and respondent's resignation is accepted and approved effective upon the filing of this order in the Office of the Clerk of the Appellate Courts and respondent's right to practice law is relinquished.

¶ 3 It is further **ORDERED** that respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association before five years from the effective date of this Court's approval of his resignation.

¶ 4 It is further **ORDERED** that respondent comply with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, ch. 1, app. 1–A.

¶ 5 SUMMERS, C.J., HARGRAVE, V.C.J., and LAVENDER, OPALA, KAUGER, and BOUDREAU, JJ., concur.

¶ 6 HODGES, WATT, and WINCHESTER, JJ., dissent.

WATT, J., with whom HODGES and WINCHESTER, JJ., join, dissenting:

¶ 1 Because the facts as alleged in the formal complaint filed against this respondent are so egregious, I cannot approve any request for respondent's resignation under Rule 8. I would remand this matter to the General Counsel for further proceedings.