2000 OK 42

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant**

v.

**Todd WITTMAN, Respondent**

**No. SCBD–4513.**

Supreme Court of Oklahoma.

May 23, 2000.

¶ 0 **ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS**

SUMMERS, Chief Justice.

¶ 1 The Respondent Todd Wittman has filed an affidavit, pursuant to Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. Supp.1999 Ch. 1, App. 1–A, requesting that he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law. Complainant has filed an Application for Order Approving Resignation Pending Disciplinary Proceedings.

¶ 2 UPON CONSIDERATION OF THE MATTER WE FIND:

1. Respondent, Todd Wittman, OBA # 13228, filed his affidavit for resignation pending disciplinary proceedings on May 8, 2000.

2. Respondent's resignation was freely and voluntarily tendered; he was not acting under coercion or duress and he was fully aware of the consequences of submitting his resignation.

3. Respondent states that he is aware of the following grievances filed with the Office of the General Counsel of the Oklahoma Bar Association, and that he is aware of the investigations pending thereon, TO WIT:

a) Grievance filed by Michelle Thompson, alleging that Respondent accepted a retainer of $325.00 to represent Thompson in a divorce but, after filing the petition, Respondent failed to perform any services thereafter and did not respond to her requests for information.

b) Grievance filed by Danny R. Rowe, alleging that Respondent accepted $750.00 to represent Rowe in a child custody modification and that he failed to perform any services thereafter and did not respond to his requests for information.

c) Allegation by the Complainant that the Respondent misappropriated merchandise from a retail merchant in Lewisville, Texas. (Count III of the Amended Complaint filed by the Complaint alleges · that the Respondent committed theft of a television and vacuum cleaner from a Wal–Mart store and pleaded nolo contendere to the charge.)

4) Respondent acknowledges that the allegations regarding his conduct, if proven, would violate Rule 1.3 of the Rules Governing Disciplinary Proceedings and Rules 1.1, 1.3, 1.4, 1.5, 1.16(d), 3.2 and 8.4(c) of the Oklahoma Rules of Professional Conduct, 5 O.S. Supp.1999 Ch.1, App. 3–A, as well as his oath as an attorney, and being aware that the burden of proof rests upon the Oklahoma Bar Association, Respondent has voluntarily waived any and all right to contest the above allegations.

5) Respondent recognizes that the approval or disapproval of this resignation is with the discretion of this Court, and Respondent recognizes and agrees that he may not make application for reinstatement to membership in the Oklahoma Bar Association prior to expiration of five years from the effective date of this Order;

6) Respondent has familiarized himself with and has agreed to comply with Rule 9.1, Rules Governing Disciplinary Proceedings, within twenty (20) days following the date of his resignation.

7) Respondent acknowledges and agrees that he may be reinstated to the practice of law only upon full compliance with Rules 11, Rules Governing Disciplinary Proceedings.

8) The Oklahoma Bar Association has waived costs in the investigation of this matter.

9) Respondent acknowledges that the Client Security Fund may receive claims from his former clients and agrees to indemnifying the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

10) The resignation pending disciplinary proceedings executed by Respondent is in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. Supp.1999 Ch. 1, App. 1–A. Respondent requests that he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law.

11) Respondent's name and address appear on the official roster maintained by the Oklahoma Bar Association as: TODD MAX WITTMAN, OBA # 13228, 1413 Linden Drive, Denton, Texas 76201. The Respondent was admitted to the practice of law on September 19, 1990.

12) The Respondent's resignation should be approved.

¶3 IT IS THEREFORE ORDERED THAT Complainant's Application and Respondent's resignation pending disciplinary proceedings is approved.

¶4 IT IS FURTHER ORDERED THAT Respondent's name be stricken from the Roll of Attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the Respondent may make no application for reinstatement to membership in the Oklahoma Bar Association prior to the lapse of five years from the effective date of this Order.

¶5 IT IS FURTHER ORDERED THAT Respondent comply with Rule 9.1 of the Rules Governing Disciplinary Proceedings, 5 O.S. Supp.1999 Ch. 1, App. 1A by notifying all of his clients having legal business pending with him within twenty (20) days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. Payment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the Respondent shall be a condition of reinstatement.

¶6 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 22nd DAY OF MAY, 2000.

¶7 ALL JUSTICES CONCUR.