2000 OK 48

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Donald E. CRANE, Respondent.**

**SCBD No. 4505.**

Supreme Court of Oklahoma.

June 20, 2000.

Mike Speegle, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Complainant.

Donald E. Crane, pro se.

**PER CURIAM:**

¶ 1 Upon the filing of a complaint with the Oklahoma Supreme Court on December 30, 1999, Respondent, Donald E. Crane, has tendered his resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings. The Bar has filed an application for approval of Respondent's resignation. Upon consideration of this matter, we find:

1) Respondent executed his resignation on February 29, 2000.

2) Respondent's resignation was freely and voluntarily tendered; he was not subject to coercion or duress; he was fully aware of the consequences of submitting his resignation. Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, ch. 1, app. 1–A (Supp. 1997).

3) Respondent was aware of a complaint filed with the Office of Chief Justice by the Office of the General Counsel on December 9, 1999, which involved two counts of professional misconduct.

**ALLEGATIONS AS TO COUNT I**

A grievance was received in the General Counsel's office alleging that respondent was in arrears for court ordered child support in the approximate amount of $5,800.00. Respondent was notified of the complaint in writing on several occasions, however, he failed to respond to the complaint and was later deposed on August 18, 1999. Respondent stated that he had received two of the three letters mailed to him but chose to do nothing in response.

**ALLEGATIONS AS TO COUNT II**

Respondent was granted a divorce on August 16, 1985 in Oklahoma County District Court. He was ordered to pay child support in the amount of $400 per month for two minor children ($200 per child). Respondent wilfully and consistently failed to pay the stated child support and on October 26, 1999, respondent appeared in Oklahoma County District Court to answer to a contempt citation for failure to pay the child support. The District Court found respondent/defendant guilty of indirect contempt of court for wilful failure to pay child support when due. Sentencing was deferred to April 24, 2000 and he is ordered to reappear on that date. The court also found that respondent is presently in arrears in the amount of $3,200 for the

period of April 17, 1998 to September, 1999.

4) Respondent was aware that a hearing in regard to the complaint was held on February 7, 2000, before the Professional Responsibility Tribunal. Respondent decided not to appear at that hearing.

5) Respondent was aware that, if proven, the alleged conduct would constitute violations of Rules 1.3 and 7.8, Rules Governing Disciplinary Proceedings, and Rules 1.5 and 8.4(a)(b)(c) of the Oklahoma Rules of Professional Conduct, 5 O.S. ch. 1, app. 3–A (Supp.1997) and his oath as an attorney.

6) Respondent was aware that, pursuant to Rule 8.2, RGDP, either the approval or disapproval of this resignation is within the discretion of the Oklahoma Supreme Court.

7) Respondent has familiarized himself with the provisions of Rule 9.1, RGDP, and agrees to comply with all provisions of Rule 9.1 within twenty days following the date of his resignation.

8) Respondent acknowledges and agrees that in order to be reinstated to the practice of law, he may do so in full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and may make no application for reinstatement prior to the expiration of five (5) years from the effective date of the Order approving this Resignation Pending Disciplinary Proceedings.

9) Respondent agrees to reimburse the Bar Association should the Bar pay out any funds to his former clients through the Client Security Fund. Should any funds be paid through the Client Security Fund, respondent agrees to reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

10) Respondent's name and address as shown by the records maintained by the Oklahoma Bar Association is: 117 S.W. 5th Street, Ste. 200, Bartlesville, OK 74003. His OBA number is 11799 and he was admitted to practice law on October 15, 1986.

¶2 **IT IS THEREFORE ORDERED** that Complainant's application and respondent's resignation be approved.

¶3 **IT IS FURTHER ORDERED** that Respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the date of this opinion.

¶4 **IT IS FURTHER ORDERED** that respondent comply with Rule 9.1, Rules Governing Disciplinary Proceedings.

¶5 **IT IS FURTHER ORDERED** that Respondent reimburse the Client Security Fund of the Oklahoma Bar Association, including interest at the statutory rate, should it pay any funds to his former clients for claims made due to his alleged misconduct.

¶6 SUMMERS, C.J., HARGRAVE, V.C.J., HODGES, LAVENDER, OPALA, KAUGER, BOUDREAU, and WINCHESTER, JJ., concur.

¶7 WATT, J., dissents.