2000 OK 53

STATE of Oklahoma, ex rel. OKLA-
HOMA BAR ASSOCIATION,
Complainant,

v.

M. Irvin OWEN, Respondent.

No. SCBD 4531.

Supreme Court of Oklahoma.

June 27, 2000.

Dan Murdock, General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma for Complainant,

M. Irvin Owen, Shawnee, Oklahoma, pro se.

LAVENDER, J.

¶ 1 This matter is before the Court pursuant to Rules 8.1 and 8.2 of the Rules Governing Disciplinary Proceedings, 5 O.S. § 1991, Ch. 1, App. 1–A for consideration of complainant, Oklahoma Bar Association's application to approve the resignation of respondent, M. Irvin Owen from membership in the Oklahoma Bar Association pending disciplinary proceedings concerning alleged misconduct. Upon consideration of the matter we find:

1. Respondent signed his affidavit regarding resignation pending disciplinary proceedings on May 16, 2000, wherein he requests to be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law;

2. Respondent's resignation was freely and voluntarily tendered, he was not subject to coercion or duress, and he was fully aware of the consequences of submitting his resignation;

3. A complaint was filed against respondent on April 11, 2000 with the Office of Chief Justice Bar Docket (filed with this Court on May 4, 2000) by the Office of the General Counsel of the Oklahoma Bar Association, at the direction of the Professional Responsibility Commission, alleging:

A) in the latter half of 1998 respondent was a judicial candidate for the Office of District Judge of the Twenty-third Judicial District of the State of Oklahoma which is comprised of Pottawatomie and Lincoln counties; and

B) an election was held in November 1998 and respondent was defeated. During the campaign respondent made public statements concerning the qualifications and integrity of his opponent knowing the statements were false or with reckless disregard to the truth or falsity of such statements. The statements included accusations that his opponent, a judicial officer, was guilty of misconduct and wrongdoing in office.

4. Respondent is aware of the allegations concerning his conduct specified in paragraph three (3) above. He is also aware, if proven, such conduct would constitute violations of Rule 1.3 of the Rules Governing Disciplinary Proceedings, 5 O.S. § 1991, Ch. 1, App. 1–A; and Rules 8.2 and 8.4, Oklahoma Rules of Professional Conduct, 5 O.S. § 1991, Ch. 1, App. 3–A.

5. Respondent is aware the burden of proof regarding the allegations set forth in paragraph three (3) above rests on the Oklahoma Bar Association, but that he waives any and all right to contest the allegations.

6. Respondent recognizes and agrees he may not make application for reinstatement to membership in the Oklahoma Bar Association prior to the expiration of five (5) years from the effective date of our approval of his resignation;

7. Respondent has agreed to comply with Rule 9.1 of the Rules Governing Disciplinary Proceedings, 5 O.S. § 1991, Ch. 1, App. 1–A, and he acknowledges he may be reinstated to practice law only upon compliance with the conditions and procedures prescribed by Rule 11 of the Rules Governing Disciplinary Proceedings, 5 O.S. § 1991, Ch. 1, App. 1–A;

8. The resignation pending disciplinary proceedings of respondent is in compliance with Rule 8.1 of the Rules Governing Disciplinary Proceedings, 5 O.S. § 1991, Ch. 1, App. 1–A;·

9. Respondent's name and address appear on the official roster maintained by the Oklahoma Bar Association as follows: M. Irvin Owen, OBA # 6825, 1429 N. Broadway, Shawnee, OK 74801;

10. Although costs have been incurred by the complainant, Oklahoma Bar Association in the investigation of this matter, complainant has agreed to waive payment by respondent of said costs.

11. Respondent's resignation should be approved.

12. Our Order accepting the resignation of respondent is effective as of May 31, 2000, the date the application for approval of his resignation was filed in this Court.

13. Respondent acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former clients. He agrees that should the Oklahoma Bar Association approve and pay such Client Security Fund claims, he will reimburse the Fund the principal amounts and the applicable statutory interest prior to filing any application for reinstatement.

¶ 2 It is therefore **ORDERED** complainant's application is approved and respondent's resignation is accepted and approved effective May 31, 2000, and respondent's right to practice law is relinquished.

¶ 3 It is further **ORDERED** respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five (5) years from May 31, 2000, the effective date of this Court's approval of respondent's resignation.

¶ 4 It is further **ORDERED** respondent comply with Rule 9.1 of the Rules Governing Disciplinary Proceedings, 5 O.S. § 1991, Ch. 1, App. 1–A.

¶ 5 SUMMERS, C.J., HARGRAVE, V.C.J., LAVENDER, KAUGER, and BOUDREAU, JJ., concur.

¶ 6 OPALA, J., concurs in result.

WATT, J., with whom HODGES and WINCHESTER, JJ., join dissenting.

I would decline to accept the resignation and remand this matter back to the PRT.