2000 OK 80

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Robert L. JOHNSTON, Respondent.**

SCBD No. 4271.

Supreme Court of Oklahoma.

Oct. 16, 2000.

Rehearing Denied Nov. 28, 2000.

¶0 **ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS.**

¶1 Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), application for an order approving the resignation of the respondent, Robert L. Johnston, pending disciplinary proceedings, the application reveals:

1) On September 1, 2000, the respondent submitted his affidavit of resignation from membership in the Bar Association pending investigation of a disciplinary proceeding.

2) The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation.

3) On June 17, 1997, the respondent was suspended in SCBD# 4271 after he was found guilty of five (5) counts in the United States District Court for the Western District of Oklahoma, to wit: one (1) count, Attempt to Possess Deca-durobolin in violation of 21 U.S.C. § 846, to which he pleaded guilty; three (3) counts, Use of Telephone to Facilitate Distribution of Marijuana in violation of 21 U.S.C. § 843(b), to which he was found guilty after a plea of not guilty; and one (1) count, Conspiracy to Distribute Marijuana in violation of 21 U.S.C. § 846, to which he was found guilty after a plea of not guilty. His convictions and sentences were affirmed on appeal.

*United States v. Johnston,* 146 F.3d 785 (10th Cir.1998), cert. denied, 525 U.S. 1088, 119 S.Ct. 839, 142 L.Ed.2d 694 (1999).

4) On November 8, 1999, the respondent was ordered by this Court to show cause why a final order of discipline should not be made. On November 29, 1999, the respondent filed a response asserting his present fitness to practice law and listing twenty-one names of people he asserted would testify to his good character and competence. He also asserted that he had not engaged in the unauthorized practice of law during the period of his interim suspension. He asked to be reinstated to the practice of law. In its response brief the Bar Association recommended that the respondent be disbarred.

5) The respondent's affidavit of resignation reflects that he is aware of the pending final discipline for the criminal convictions, and that the Office of the General Counsel of the Oklahoma Bar Association is investigating conduct following respondent's criminal convictions as proof of aggravation of discipline. The Bar Association is investigating allegations that a) when the respondent listed the twenty-one names of witnesses to his good character and competency, which were comprised of attorneys, judges, and former clients, several of those witnesses had neither been asked about, nor had ever indicated their willingness to testify in such a manner on his behalf; b) on or about June 2, 2000, the respondent made misrepresentations to an Assistant District Attorney and engaged in the unauthorized practice of law by discussing a pending criminal case without the authorization or knowledge of his employer, an attorney; and c) that the respondent failed to file Oklahoma State income taxes since 1996, and is currently in arrears and liable for approximately $22,449.40 in unpaid state income taxes dating back to 1987.

6) In addition, the respondent is aware that Grievance DC 99–351 has been filed against him with the Office of the Gener-

al Counsel by the Honorable Twyla Mason Gray, Oklahoma County District Court Judge, alleging that the respondent used his Oklahoma Bar Association number to check out official court files from the Oklahoma County Court Clerk's office on or about October 13, 1999, during the period of his suspension from the practice of law. The grievance further alleges that the respondent removed the court files from the Oklahoma County Courthouse in violation of Rule 44 of the local court rules for the 7th Judicial District and that he did not return the files for six days in violation of 12 O.S.1991, § 31.1.

7) The respondent is aware that the allegations concerning his conduct, if proven, would constitute violations of Rule 1.3 of the Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, and Rules 5.5, 8.4(a) and 8.4(c), of the Rules of Professional Conduct, 5 O.S. 1991 Ch.1, App. 3–A.

8) The respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, and it should be approved.

9) The official roster address of the respondent as shown by the Bar Association records is: 200 N. Harvey, Ste. 1502, Oklahoma City, OK 73102.

10) The Bar Association has not alleged that any costs have been incurred by it in the investigation of this matter.

11) The respondent acknowledges he may be reinstated only upon full compliance with the conditions and procedure prescribed by Rule 11 of the Rules of Disciplinary Proceedings, which provides in Rule 11.1(b) that if any funds of the Client's Security Fund have been expended on behalf of an applicant, the applicant must show the amount paid and that the same has been repaid to the Bar Association to reimburse such Fund.

12) The respondent has requested, without objection from the Bar Association, that his resignation be ordered effective as of June 17, 1997, the date of his interim suspension.

¶2 IT IS THEREFORE ORDERED, that the resignation of Robert L. Johnston, pending disciplinary proceedings be approved.

¶3 IT IS FURTHER ORDERED, that the name of Robert L. Johnston, be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the respondent may not make application for reinstatement prior to the expiration of five (5) years from the date of this order. The request of the respondent that his resignation be effective as of the date of his interim suspension is denied.

¶4 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 16TH DAY OF OCTOBER, 2000.

¶6 All Justices concur.