2001 OK 12

**STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**John Albert BOURLAND, Respondent.**

**Nos. SCBD–4594, OBAD–1475.**

Supreme Court of Oklahoma.

Feb. 6, 2001.

As Corrected Feb. 12, 2001.

**¶ 0 Order Approving Resignation Pending Disciplinary Proceedings.**

¶ 1 Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), application for an order approving the resignation of the respondent, John Albert Bourland, pending disciplinary proceedings, the application and resignation reveal the following.

¶ 2 On January 24, 2001, the respondent submitted to the Oklahoma Bar Association his affidavit of resignation from membership in the Bar Association pending investigation of disciplinary proceedings.

¶ 3 The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation.

¶ 4 The respondent's affidavit and the application show that ten (10) grievances have been filed against Respondent and are pending before Complainant:

(1) **DC 00–160** is a grievance alleging that after being hired to represent Constance Chapin the respondent could not be located by the client and neglected a legal matter.

(2) **DC 00–196** is a grievance alleging that after being hired by Mr. and Mrs. Eric Fausett the respondent neglected the case,

failed to communicate with the clients, and gave false information to the clients concerning the status of their case.

(3) **DC 00–281** is a grievance alleging that after the respondent's license to practice law was suspended by the Oklahoma Supreme Court on July 10, 2000, for non-payment of dues and non-compliance with Mandatory Continuing Legal Education Requirements, the respondent represented a client in a matter involving the City of Broken Arrow.

(4) **DC 00–282** is a grievance alleging that after the respondent's license to practice law was suspended by the Oklahoma Supreme Court on July 10, 2000, for non-payment of dues and non-compliance with Mandatory Continuing Legal Education Requirements, the respondent represented a client in court and made misrepresentations to the court and opposing counsel relating to his status to practice law.

(5) **DC 00–283** is a grievance alleging that the respondent neglected a personal injury legal matter of his client Ms. Tuttle–Doremus, that she was unable to locate the respondent, and that the statute of limitations on her claims may have expired.

(6) **DC 00–325** is a grievance alleging that after being paid by Malik El Joseph to handle a legal matter the respondent failed to perform the work, and that he would not refund the fee or adequately communicate with the client.

(7) **DC 00–326** is a grievance alleging that the respondent engaged in the unauthorized practice of law in the District Court of Tulsa County after being informed that his license to practice law had been suspended by the Oklahoma Supreme Court.

(8) **DC 00–429** is a grievance alleging that the respondent was paid a fee by William Thompson to file a bankruptcy, and that respondent did not file the case, did not return the fee, did not return documents needed by the client to retain other counsel, and that the respondent failed to communicate with his client.

(9) **DC 00–444** is a grievance alleging that Kelly Richardson delivered funds to the respondent for the specific purpose of forwarding the funds to settle a legal matter, and that the respondent failed to forward the funds to the opposing party resulting in a default judgment against his client.

(10) **DC 00–477** is a grievance alleging that client, Joe Kittchell III, paid the respondent $7,500 for legal representation in a civil matter, but the respondent did nothing, and a default judgment has been entered in the case

¶ 5 The resignation states that the respondent is aware that the allegations concerning his conduct, if proven, would constitute violations of the Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A (as amended), and the Oklahoma Rules of Professional Conduct, 5 O.S.1991 Ch.1, App. 3–A (as amended), and his oath as a lawyer.

¶ 6 The resignation states that the respondent is aware of the requirements of Rule 9.1, of the Rules Governing Disciplinary Proceedings, and shall comply with that Rule.

¶ 7 The resignation states that the respondent is aware that he may make no application for reinstatement prior to the expiration of five years from the date of the order approving his resignation, and that reinstatement requires compliance with Rule 11 of the Rules Governing Disciplinary Proceedings. *See* Rule 8.2, Rules Governing Disciplinary Proceedings.

¶ 8 The resignation states that the respondent is aware that the Client Security Fund may receive claims from his former clients, and that he shall pay to the Oklahoma Bar Association, prior to reinstatement, those funds, including principal and interest, expended by the Client Security Fund for claims against him.

¶ 9 The resignation states that the respondent is aware that costs have been incurred by the Oklahoma Bar Association investigating the grievances, but requests that those costs be waived. The application for approval of the resignation neither requests or waives costs.

¶ 10 The official roster address of the respondent is John Albert Bourland, O.B.A. No. 14,090, 5332 E. 26th Place, Tulsa, OK 74114.

¶ 11 A lawyer's resignation from the Oklahoma Bar Association pending disciplinary proceedings is provided by Rules 8.1 and 8.2 of the Rules Governing Disciplinary Proceedings. This Court *may* accept or reject a proffered resignation that complies with all of the Rules Governing Disciplinary Proceedings. *State ex rel. Oklahoma Bar Association v. Kessler*, 1995 OK 32, ¶¶ 15–22, 895 P.2d 713, 716–718. A proffered resignation that does not comply with all of the Rules Governing Disciplinary Proceedings may be rejected by the Court. *State ex rel. Oklahoma Bar Association v. Gasaway*, 1993 OK 133, ¶¶ 5–11, 863 P.2d 1189, 1193–1195. The Court concludes that the resignation of the respondent pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, and it should be approved.

¶ 12 Rule 8.1 of the Rules Governing Disciplinary Proceedings states that a lawyer who resigns shall only be permitted to apply for reinstatement after the lapse of five (5) years and under the provisions of Rule 11. Rule 11.1 of the Rules Governing Disciplinary Proceedings states that an application for reinstatement cannot be filed "within five (5) years of the effective date of the order of the Court disbarring the applicant or accepting the resignation,...." Rule 11.1, 5 O.S.1991 Ch. 1, App. 1–A. The effective date of resignations have varied in our opinions and orders approving resignations.

¶ 13 This Court exercises original jurisdiction in lawyer discipline cases. *State ex rel. Oklahoma Bar Association v. Arthur*, 1999 OK 97, ¶ 4, 991 P.2d 1026, 1028. Although in most cases where we exercise original jurisdiction the adjudication by the Court is effective the date Court's order or opinion is filed, a lawyer discipline case is an exception to this rule. *Chronic Pain Associates, Inc. v. Bubenik*, 1994 OK 127, ¶ 31, 885 P.2d 1358, 1364. *See* Okla.Sup.Ct.R. 1.193. Thus, we have explained that a timely petition for rehearing delays the effectiveness of an order until denial of the petition. *State ex rel. Oklahoma Bar Association v. Wolfe*, 1996 OK 75, ¶ 4, 919 P.2d 427, 429; *State ex rel. Oklahoma Bar Association v. Miskovsky*, 1991 OK 60, ¶¶ 5–7, 813 P.2d 1046, 1047.

¶ 14 We have explained that the usual effective date for a resignation is the date it is submitted to the Oklahoma Bar Association. *State ex rel. Oklahoma Bar Association v. Kouri*, 1992 OK 123, ¶ 9, 837 P.2d 907, 909; *State ex rel. Oklahoma Bar Association v. Perkins*, 1988 OK 65, 757 P.2d 825, 827. We have also made the effective date the date the resignation was filed with the Court. *State ex rel. Oklahoma Bar Association v. Owen*, 2000 OK 53, ¶ 1, ¶ 3, 11 P.3d 161; *State ex rel. Oklahoma Bar Association v. Duke*, 2000 OK 29, ¶¶ 1–3, 2 P.3d 342; *State ex rel. Oklahoma Bar Association v. Millspaugh*, 1999 OK 22, 976 P.2d 1069. This approach is proper when the resignation was executed, tendered to the Bar Association, and contemporaneously filed with the Court with a statement therein that the respondent was treating the resignation as effective upon the date of filing. *Accord, State ex rel. Oklahoma Bar Association v. Pate*, 1999 OK 42, 983 P.2d 1015, (in an order approving a resignation we did not expressly state an effective date when the resignation was executed, tendered to the Bar Association, and contemporaneously filed with the Court with a statement therein that the respondent was treating the resignation as effective upon the date of filing). These opinions stop a lawyer from trying to avoid the consequences of a resignation when he or she attempts to date a resignation in the future so as to delay discipline, or in the past to shorten the length of time prior to filing an application for reinstatement. *See, e.g., State ex rel. Oklahoma Bar Association v. Perkins, supra*, (resignation effective at a future date rejected by the Court) and *State ex rel. Oklahoma Bar Association v. Kouri, supra*, (resignation effective at past date rejected by the Court). On the other hand, these opinions recognize a lawyer's efforts to speedily resign while fulfilling the rule-mandated duties of a lawyer subject to final discipline, for example, notifying clients, withdrawing from proceedings, and notifying the Professional Responsibility Commission.

¶ 15 A resignation pending disciplinary proceedings is tantamount to disbar-

ment. *State ex rel. Oklahoma Bar Association v. Miskovsky,* 2000 OK 34, ¶ 1, 9 P.3d 680; *State ex rel. Oklahoma Bar Association v. Tillotson,* 1994 OK 143, ¶ 6, 887 P.2d 289. Aligning a previous suspension with a disbarment is within the discretion of the Court. *State ex rel. Oklahoma Bar Association v. Busch,* 1998 OK 103, 976 P.2d 38, 52 (alignment issue raised in discussion of mitigation and lawyer disbarred); *State ex rel. Oklahoma Bar Association v. Crabtree,* 1995 OK 123, 907 P.2d 1045, 1047 (disbarment effective from date of interim suspension). We have aligned the effective date of an interim suspension with the effective date of a resignation. *State ex rel. Oklahoma Bar Association v. Kouri,* 1992 OK 123, ¶ 9, 837 P.2d 907, 909, (rule discussed); *State ex rel. Oklahoma Bar Association v. Perkins,* 1988 OK 65, 757 P.2d 825, 827, (same). However, such alignment is within the discretion of the Court, and we have declined to align a prior suspension with a resignation. *State ex rel. Oklahoma Bar Association v. Johnston,* 2000 OK 80, ¶ 3, 14 P.3d 544. Further, we have explained that when the prior suspensions involve non-payment of Bar Association dues or non-compliance with mandatory continuing legal education an alignment with the effective date of the resignation is improper. *State ex rel. Oklahoma Bar Association v. Tillotson,* 1994 OK 143, ¶ 6, 887 P.2d 289; *State ex rel. Oklahoma Bar Association v. Kouri,* 1992 OK 123, ¶ 9, 837 P.2d 907, 909.

■ ¶ 16 Many of our orders make a resignation effective the effective date of the order approving the resignation. *State ex rel. Oklahoma Bar Association v. Crane,* 2000 OK 48, ¶ 3, 9 P.3d 682; *State ex rel. Oklahoma Bar Association v. Wittman,* 2000 OK 42, ¶ 4, 2 P.3d 897; *State ex rel. Oklahoma Bar Association v. Thompson,* 2000 OK 16, 996 P.2d 938; *State ex rel. Oklahoma Bar Association v. Biggers,* 1999 OK 28, 981 P.2d 803; *State ex rel. Oklahoma Bar Association v. Foster,* 1998 OK 115, 975 P.2d 877; *State ex rel. Oklahoma Bar Association v. Parks,* 1998 OK 101, ¶ 4, 975 P.2d 868; *State ex rel. Oklahoma Bar Association v. Van Todd,* 1998 OK 19, ¶ 4, 956 P.2d 154. This Court may make the effective date of a resignation the date the resignation is filed with the Clerk of the Court. *See, e.g., State ex rel. Oklahoma Bar Association v. Miskovsky,* 2000 OK 34, ¶ 1, 9 P.3d 680.

■ ¶ 17 Nothing in the record before us suggests that the respondent has treated the resignation as effective upon execution. Nothing before us suggests that the respondent has notified former clients, withdrawn from proceedings, and filed a notification with the Professional Responsibility Commission, all as required by Rule 9.1 of the Rules Governing Disciplinary Proceedings upon imposition of final discipline. Further, the nature of the prior suspension is inappropriate for alignment with the effective date of the resignation. We conclude that the resignation shall be effective as of the date this order is final.

¶ 18 IT IS THEREFORE ORDERED, that the resignation of John Albert Bourland, pending disciplinary proceedings be approved.

¶ 19 IT IS FURTHER ORDERED, that the name of John Albèrt Bourland, be stricken from the roll of attorneys. The respondent may not make application for reinstatement prior to the expiration of five (5) years from the effective date of this order. The effective date of the resignation and the effective date of this order shall be the date this order is final.

¶ 20 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 5TH DAY OF FEBRUARY, 2001.

¶ 21 HARGRAVE, C.J., WATT, V.C.J., HODGES, LAVENDER, KAUGER, SUMMERS, BOUDREAU, WINCHESTER, JJ.—concur.

¶ 22 OPALA, J.—concurs in result.